IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FAMILY MORTGAGE, INC.,           *
                                 *
      Plaintiff,                 *
                                 *
v.                               *     CIVIL ACTION NO.
                                 *
YAN YAN, TIANNAN ZHOU,           *
EMC LENDING CORPORATION,         *
INTERCONTINENTAL CAPITAL         *
GROUP, INC., AMWEST FUNDING       *
CORP, and ORANGEPATH             *
FINANCIAL, INC.,                 *
                                 *     **JURY TRIAL DEMAND**
      Defendants.                *

**COMPLAINT**

Comes Now, Plaintiff, Family Mortgage, Inc. ("Family Mortgage"), and files its Complaint against the above-named Defendants[1], Yan Yan, Tiannan Zhuo, EMC Lending Corporation, ("EMC"), Intercontinental Capital Group, Inc. ("Intercontinental"), AmWest Funding Corp ("AmWest"), and OrangePath Financial, Inc. ("OrangePath"), on the following grounds:

---

[1] Intercontinental, AmWest, and OrangePath are hereinafter referred to collectively as "Corporate Defendants."

**INTRODUCTION**

1.

Family Mortgage brings this action against all Defendants based upon violations of the Defend Trade Secrets Act of 2016, codified at 18 U.S.C. § 1836 *et seq*. ("DTSA"), the Computer Fraud and Abuse Act, codified at 18 U.S.C. 1030 ("CFAA"), the Georgia Computer Systems Protection Act, codified at O.C.G.A. 16-9-90, *et seq*. ("GCSPA"), and for unjust enrichment under Georgia law.

In addition, this is an action for breach of contract, breach of fiduciary duty, breach of loyalty, theft/conversion, punitive damages, and litigation expenses, and attorneys' fees pursuant to O.C.G.A. § 13-6-11 and contract in violation of Georgia law.

**THE PARTIES**

2.

Family Mortgage is a Nevada Corporation with its principal and registered address located at 4990 S. Rainbow Boulevard, Suite 100, Las Vegas, Nevada 89118.

3.

Family Mortgage is registered to do business in the State of Georgia with its registered address located at 11340 Lakefield Drive, Suite 200, Johns Creek, Fulton County Georgia 30097.

4.

Yan is the former Branch Manager of Family Mortgage and resides at 12105 Cameron Drive, Johns Creek, Fulton County, Georgia 30097.

5.

Yan may be served with summons and process by service upon her at 12105 Cameron Drive, Johns Creek, Fulton County, Georgia 30097.

6.

Zhou is the husband of Yan and resides at 12105 Cameron Drive, Johns Creek, Fulton County, Georgia 30097.

7.

Zhou may be served with summons and process by service upon him at 12105 Cameron Drive, Johns Creek, Fulton County, Georgia 30097.

8.

EMC is a Georgia for-profit corporation with its principal office address and registered address located at 11340 Lakefield Drive, Suite 200, Johns Creek, Fulton County, Georgia 30097.

9.

EMC was incorporated and is owned by Zhou.

10.

EMC may be served with summons and process by service upon its registered agent, Zhou, at its registered address located at 12105 Cameron Drive, Johns Creek, Fulton County, Georgia 30097.

11.

Intercontinental is a New York for-profit corporation with its principal office address located at 265 Broadhollow Road, Suite 220, Melville, New York 11747.

12.

Intercontinental is registered to do business in the State of Georgia, and does business in the State of Georgia.

13.

Intercontinental may be served with summons and process by service upon its registered agent, Corporation Service Company at its registered address located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

14.

AmWest is a California for-profit corporation with its principal office address located at 6 Pointe Drive, Suite 300, Brea, California 92821-3652.

15.

AmWest is registered to do business in the State of Georgia, and does business in the State of Georgia.

16.

AmWest may be served with summons and process by service upon its registered agent, Incorp Services Company, Inc., at its registered address located at 9040 Roswell Road, Suite 500, Atlanta, Fulton County, Georgia 30350.

17.

OrangePath is a Georgia for-profit corporation with its principal office address located at 2250 Satellite Boulevard, Suite 155, Duluth, Gwinnett County, Georgia 30097 and/or at 3635 Peachtree Industrial Boulevard, Suite 200, Duluth, Gwinnett County, Georgia 30096.

18.

OrangePath may be served with summons and process by service upon its registered agent, Anderson Registered Agents, Inc., at its registered address located at 1201 West Peachtree Street, N.W., Suite 2350, Atlanta, Fulton County, Georgia 30309.

**JURISDICTION**

19.

The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or

value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

20.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 based on Family Mortgage's federal claims.

21.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 based on supplemental jurisdiction for Family Mortgage's claims arising under Georgia law.

22.

Yan resides within the State of Georgia and, therefore, this Court has personal jurisdiction over Yan.

23.

Zhou resides within the State of Georgia and, therefore, this Court has personal jurisdiction over Zhou.

24.

EMC is a corporation created under Georgia law and doing business in Georgia and, therefore, this Court has personal jurisdiction over EMC.

**VENUE**

25.

The events and actions alleged herein occurred within the Atlanta Division of the Northern District of Georgia.

26.

Venue in this district is proper for Defendants pursuant to 28 U.S.C. § 1391.

**FACTS**

27.

Family Mortgage is a Nevada corporation providing lending services to real estate professionals, builders, and individual home buyers.

28.

Sharon Ye is the owner and Chief Executive Officer of Family Mortgage.

29.

Since approximately December of 2017, Family Mortgage has been a licensed mortgage broker in the State of Georgia providing its lending services through its office located at 11340 Lakefield Drive, Suite 200, Johns Creek, Georgia 30097 ("Lakefield Drive Office").

30.

On or about April 8, 2019, Yan and Family Mortgage entered into a "Contract Loan Officer Agreement" ("Agreement"), attached hereto as Exhibit 1.

31.

Yan reported to Ye.

32.

Pursuant to the "Agreement," Yan agreed that she would "obtain loan applications for submission to the company."  Exhibit 1, , p. 1, § Engagement.

33.

Pursuant to the "Agreement," Yan agreed that "[A]ll loan applications and documents related to the loan shall become the sole and exclusive property of the company."  Exhibit 1, p. 1, § Engagement.

34.

Pursuant to the "Agreement," Yan agreed that:

All information once submitted to the company, the company's operating procedures shall be retained in confidence by the contract employee.  Operating information shall not be disclosed without prior written authorization from the company.  The contract employee will not, at any time, either during the term of this agreement, or thereafter, directory, or indirectly make known or divulge, disclose, or communicate to an person, firm or corporation any manner, any information, nature, description concerning the business, procedures, or clients of the company, except for performing their contracted function related to this agreement.

See Exhibit 1, p. 1, § Privacy/Privilege.

35.

Pursuant to the "Agreement," Yan agreed that:

It is agreed that an effective and united marketing approach is imperative.  In order to achieve this result, contract employee shall be solely responsible for the developing and implementing all sales programs and marketing plans at his or her discretion. . . . However,

as stated earlier in this agreement, advertisements must be submitted to the company for written approval of the Financial Institutions Division before implementation.

See Exhibit 1, p. 1, § Sales And Marketing.

36.

Pursuant to the "Agreement," Yan agreed that:

Any advertising brochure or other printed material using the company name must be submitted to the company fifteen days prior to distribution, for approval or correction and shall not be used until it has been approved by an officer of the company.

See Exhibit 1, p. 1, § Duties.

37.

Pursuant to the "Agreement," Yan agreed that:

In connection with any litigation or collection arising out of this agreement, the prevailing part shall be entitled to recover all expenses incurred, including, but not limited to attorney's fees, in all jurisdictions and at all levels, including appeals.

See Exhibit 1, p. 1, § Legal Fees.

38.

Yan served as the Branch Manager and was responsible for the overall operation of Family Mortgage's Lakefield Drive Office.

39.

Yan had access to and was directly involved in Family Mortgage's confidential and proprietary information, such as, marketing, customer lists and information, builder lists, and real estate agent lists.

40.

Yan was responsible for establishing and maintaining the relationships with builders, real estate agents, and individual home buyers seeking to retain Family Mortgage's mortgage broker services.

41.

Yan was responsible for receiving loan applications through company emails from customers, and then processing those loans on behalf of Family Mortgage.

42.

Yan is married to Zhou.

43.

On March 1, 2023, Zhou founded EMC as a Georgia domestic for-profit corporation.

44.

On March 1, 2023, EMC filed Articles of Incorporation with the Georgia Secretary of State's Office identifying Zhou as the Incorporator, sole shareholder, and registered agent of EMC.

45.

On March 1, 2023, EMC filed Articles of Incorporation with the Georgia Secretary of State's Office identifying 11340 Lakefield Drive, Suite 200, Johns Creek, Fulton County, Georgia

30097, as the principal office, registered agent address, and address of the Incorporator, which is Zhou.

46.

EMC is a competing business providing mortgage loan services to builders, real estate agents, and individual home buyers.

47.

Zhou and EMC identified Family Mortgage's address as the same address for EMC.

48.

In July of 2023, Family Mortgage learned that Yan was advertising on behalf of Family Mortgage, but including Zhou's contact information in the advertisements in order to divert business from Family Mortgage to Zhou.

49.

In August of 2023, Family Mortgage learned that Yan was taking mortgage loan documents, including the purchase agreement and borrower's documents, received by Family Mortgage and emailing them to Zhou and/or EMC.

50.

In August of 2023, Family Mortgage learned that Yan and Zhou had been engaged in taking mortgage loan documents, including the purchase agreement and borrower's documents, received by Family Mortgage and emailing them to Zhou and other competitive loan

servicing businesses that Zhou had been employed and/or was contracted to work in the processing and closing loans for homes.

51.

In August of 2023, Family Mortgage learned that Defendants, through Yan and Zhou, had stolen and converted for their own benefit over one hundred and fifty (150) mortgage loans, including the purchase agreement and borrower's documents, received and maintained on Family Mortgage computers and emailing them to Zhou and other competitors who Zhou processed and closing loans for homes.

52.

In August of 2023, Family Mortgage learned that Yan was taking mortgage loan documents, including the purchase agreement and borrower's documents, received by Family Mortgage and emailing them to Zhou.

53.

In August of 2023, Family Mortgage learned that Yan was falsifying documents for Zhou by using the Family Mortgage name on documents and fabricating signatures purportedly on behalf of Family Mortgage with false names, such as, "James Lee."

54.

Defendants' actions have damaged Family Mortgage financially, and its goodwill and reputation by representing themselves as Family Mortgage.

55.

Family Mortgage estimates that it has been damaged in excess of $5,000,000.00.

**INTERCONTINENTAL**

56.

Intercontinental is a competitor of Family Mortgage, providing mortgage loan services to builders, real estate agents, and individual home buyers.

57.

From approximately January 6, 2021 through May 4, 2021, Zhou was employed or contracted with Intercontinental to provide mortgage loan services.

58.

From approximately January 6, 2021 through May 4, 2021, Yan misappropriated computerized information and files of customers of Family Mortgage by emailing them to Zhou, who, in his authorized capacity and/or in the scope of his employment for Intercontinental, misappropriated customers and closed loans belonging to Family Mortgage.

59.

On or about March 4, 2021, J.R.[2] and H.S. contacted Family Mortgage for the purpose of obtaining a mortgage.

60.

On or about March 4, 2021, Yan sent the loan application and/or information of J.R. and H.S. to Zhou when he was working on behalf of Intercontinental.

61.

On or about April 13, 2021, Zhuo and Intercontinental closed the loan for J.R. and H.S.

62.

On or about April 13, 2021, Zhuo and Intercontinental received the brokerage commission for J.R. and H.S.'s loan which belongs to Family Mortgage.

63.

On or about April 5, 2021, N.L. contacted Family Mortgage for the purpose of obtaining a mortgage.

64.

On or about April 5, 2021, Yan emailed the loan application and/or information of N.L. to Zhou when he was working on behalf of Intercontinental.

_____

[2] Family Mortgage is using the initials of the customers to protect the privacy of these individuals.

-14-

65.

On or about May 6, 2021, Zhuo and Intercontinental closed the loan for N.L.

66.

On or about May 7, 2021, Zhuo and Intercontinental received the brokerage commission for N.L.'s loan which belongs to Family Mortgage.

67.

On or about April 4, 2021, D.C. contacted Family Mortgage for the purpose of obtaining a mortgage.

68.

On or about April 19, 2021, Yan emailed the loan application and/or information of D.C. to Zhou when he was working on behalf of Intercontinental.

69.

On or about June 14, 2021, Zhuo and Intercontinental closed the loan for D.C.

70.

On or about June 15, 2021, Zhuo and Intercontinental received the brokerage commission for D.C.'s loan which belongs to Family Mortgage.

**AMWEST**

71.

AmWest is a competitor of Family Mortgage, providing mortgage loan services to builders, real estate agents, and individual home buyers.

72.

From approximately May 4, 2021 through June 30, 2022, Zhou was employed or contracted with AmWest to provide mortgage loan services.

73.

From approximately May 4, 2021 through June 30, 2022, Yan misappropriated computerized information and files of customers of Family Mortgage by emailing them to Zhou, who, in his authorized capacity and/or in the scope of his employment for AmWest, misappropriated customers and closed loans belonging to Family Mortgage.

74.

On or about June 14, 2021, Z.T.C. contacted Family Mortgage for the purpose of obtaining a mortgage.

75.

On or about June 14, 2021, Yan emailed the loan application and/or information of Z.T.C. to Zhou when he was working on behalf of AmWest.

-16-

76.

On or about May 20, 2022, Zhuo and AmWest closed the loan for Z.T.C.

77.

On or about May 21, 2022, Zhuo and AmWest received the brokerage commission for Z.T.C.'s loan which belongs to Family Mortgage.

78.

On or about January 3, 2022, X.N. contacted Family Mortgage for the purpose of obtaining a mortgage.

79.

On or about January 3, 2022, Yan emailed the loan application and/or information of X.N. to Zhou when he was working on behalf of AmWest.

80.

On or about April 23, 2022, Zhuo and AmWest closed the loan for X.N.

81.

On or about April 29, 2022, Zhuo and AmWest received the brokerage commission for X.N.'s loan which belongs to Family Mortgage.

82.

On or about August 29, 2021, B.W. and G.W. contacted Family Mortgage for the purpose of obtaining a mortgage.

83.

On or about August 29, 2021, Yan emailed the loan application and/or information of B.W. and G.W. to Zhou when he was working on behalf of AmWest.

84.

On or about October 6, 2021, Zhuo and AmWest closed the loan for B.W. and G.W.

85.

On or about October 7, 2021, Zhuo and AmWest received the brokerage commission for B.W. and G.W.'s loan which belongs to Family Mortgage.

**ORANGE PATH**

86.

Orange Path is a competitor of Family Mortgage, providing mortgage loan services to builders, real estate agents, and individual home buyers.

87.

From approximately September 8, 2022 through March 14, 2023, Zhou was employed or contracted with OrangePath to provide mortgage loan services.

88.

From approximately September 8, 2022 through March 14, 2023, Yan misappropriated computerized information and files of customers of Family Mortgage by emailing them to Zhou, who, in his authorized capacity for OrangePath and/or in the scope of his employment, misappropriated customers and closed loans belonging to Family Mortgage.

89.

On or about August 22, 2022, Y.W. contacted Family Mortgage for the purpose of obtaining a mortgage.

90.

On or about September 15, 2022, Yan emailed the loan application and/or information of Y.W. to Zhou when he was working on behalf of OrangePath.

91.

On or about September 26, 2022, Zhuo and OrangePath closed the loan for Y.W.

92.

On or about September 27, 2022, Zhuo and OrangePath received the brokerage commission for Y.W.'s loan which belongs to Family Mortgage.

93.

On or about November 17, 2022, W.C. contacted Family Mortgage for the purpose of obtaining a mortgage.

94.

On or about November 17, 2022, Yan emailed the loan application and/or information of W.C. to Zhou when he was working on behalf of OrangePath.

95.

On or about February 28, 2022, Zhuo and OrangePath closed the loan for W.C.

96.

On or about March 1, 2022, Zhuo and OrangePath received the brokerage commission for W.C.'s loan which belongs to Family Mortgage.

97.

On or about February 12, 2022, Z.Z. contacted Family Mortgage for the purpose of obtaining a mortgage.

98.

On or about December 12, 2022, Yan emailed the loan application and/or information of Z.Z. to Zhou when he was working on behalf of OrangePath.

99.

On or about January 11, 2023, Zhuo and OrangePath closed the loan for Z.Z.

100.

On or about January 12, 2023, Zhuo and OrangePath received the brokerage commission for Z.Z.'s loan which belongs to Family Mortgage.

**EMC**

101.

Since March 1, 2023, Yan misappropriated computerized information and files of customers of Family Mortgage by emailing them to Zhou and EMC, who, in his authorized capacity and/or in the scope of his relationship as a loan broker for EMC, misappropriated customers and closed loans belonging to Family Mortgage.

102.

On or about June 12, 2023, M.W. contacted Family Mortgage for the purpose of obtaining a mortgage.

103.

On or about June 14, 2023, Yan emailed the loan application and/or information of M.W. to Zhou when he was working on behalf of EMC.

104.

On or about July 18, 2023, Zhuo and EMC closed the loan for M.W.

105.

On or about July 19, 2022, Zhuo and EMC received the brokerage commission for M.W.'s loan which belongs to Family Mortgage.

106.

On or about July 6, 2023, X.C. contacted Family Mortgage for the purpose of obtaining a mortgage.

107.

On or about July 6, 2023, Yan emailed the loan application and/or information of X.C. to Zhou when he was working on behalf of EMC.

108.

On or about August 7, 2023, Zhuo and EMC closed the loan for X.C.

109.

On or about August 8, 2023, Zhuo and EMC received the brokerage commission for X.C.'s loan which belongs to Family Mortgage.

110.

On or about July 31, 2023, W.P.M. contacted Family Mortgage for the purpose of obtaining a mortgage.

111.

On or about July 31, 2023, Yan emailed the loan application and/or information of W.P.M. to Zhou when he was working on behalf of EMC.

112.

On or about August 23, 2023, Zhuo and EMC closed the loan for W.P.M.

113.

On or about August 24, 2023, Zhuo and EMC received the brokerage commission for W.P.M.'s loan which belongs to Family Mortgage.

114.

Defendants' actions of taking and using company files caused the loss of Family Mortgage information, including, but not limited to, confidential customer quotes and information.

115.

Defendants removed and stole confidential and proprietary information and trade secrets depriving Family Mortgage of its business.

116.

Yan, without authorization and/or exceeding authorization, took or misappropriated company files containing confidential and

proprietary information and trade secrets for her use by Zhou and the Corporate Defendants whom Zhou worked.

117.

Defendants' actions have caused losses of at least $5,000.00 to Family Mortgage.

118.

Defendants are in possession of confidential and proprietary information that they intend to use for competing purposes.

119.

Yan, Zhou, and EMC are in possession of loans that are in the process of being processed that need to be returned to Family Mortgage before the loans close.

120.

Defendants' actions have and will continue to cause significant damage to Family Mortgage's loss of business, reputation, and goodwill.

121.

The Family Mortgage's computers, cloud services, and email system are protected computers under the CFAA.

**COUNT ONE:  DEFEND TRADE SECRET ACT (ALL DEFENDANTS)**

122.

Family Mortgage incorporates herein paragraphs 1 through 121 of its Complaint.

123.

The DTSA, codified at 18 U.S.C. § 1836(b)(1), prohibits persons from stealing and/or misappropriating trade secrets "related to a product or service used in, or intended for use in, interstate or foreign commerce."

124.

Yan, Zhou, and EMC knowingly violated the DTSA by stealing and/or misappropriating proprietary, confidential, and trade secrets from Family Mortgage related to mortgage services used and/or intended for use in interstate commerce.

125.

The Corporate Defendants knowingly violated the DTSA by Zhou's actions of obtaining and using proprietary, confidential, and trade secrets from Family Mortgage related to mortgage services used and/or intended for use in interstate commerce.

126.

The Corporate Defendants, through Zhou's actions, conspired in the theft and/or misappropriation of trades by obtaining and using proprietary, confidential, and trade secrets from Family Mortgage related to mortgage services used and/or intended for use in interstate commerce.

127.

The trade secrets misappropriated by Defendants derive independent economic value from not being generally known or ascertainable by proper means.

128.

Family Mortgage takes, and has taken, reasonable measures to maintain the confidential and secret nature of this information by requiring Yan to maintain the confidential information in her Agreement.

129.

Yan, Zhou, and EMC have used and are using Family Mortgage's trade secret information, without Family Mortgage's authorization, in a competing business, in violation of her Agreement.

130.

The Corporate Defendants have used Family Mortgage's trade secret information without Family Mortgage's authorization.

131.

As a direct and proximate cause of the actions of Defendants, Family Mortgage has suffered irreparable harm and will continue to suffer irreparable harm that cannot be adequately remedied at law unless they are enjoined from engaging in any further acts of misappropriation and from continued possession in any form of trade secret information belonging to Family Mortgage.

132.

As a direct and proximate result of Defendants' theft and/or misappropriation, Family Mortgage has suffered and continues to suffer damages and irreparable harm, and is entitled to all damages, attorneys' fees, costs, and remedies permitted under the DTSA.

**COUNT TWO:  VIOLATION OF CFAA (ALL DEFENDANTS)**

133.

Family Mortgage incorporates herein paragraphs 1 through 132 of its Complaint.

134.

Yan used a "computer" and a "protected computer" within the meaning of 18 U.S.C. § 1030(e), used in interstate commerce or communication to obtain information belonging to Family Mortgage.

135.

Yan accessed Family Mortgage's computer system without authorization and/or exceeded her authorized access by taking Family Mortgage's confidential materials and emailing them to Defendants, and causing losses to Family Mortgage.

136.

Yan exceeded her authorized access to Family Mortgage's protected computer files by copying them to unauthorized external drives.

137.

Yan's actions have caused losses of at least $5,000.00 to Family Mortgage.

138.

Yan's actions have caused damage to protected computers and losses of at least $5,000.00 to Family Mortgage.

139.

Defendants, through the actions of Zhou, conspired to commit the offenses alleged herein, making them liable under 18 U.S.C. § 1030(b).

140.

Defendants intentionally accessed computers without authorization or exceeding authorized access, and obtained information from Family Mortgage protected computers in violation of 18 U.S.C. § 1030(a)(2)(C).

141.

Yan, Zhou, EMC, and the Corporate Defendants, through the actions of Zhou, knowingly and with intent to defraud, accessed protected computers without authorization, or exceeded her authorized access, and by means of such conduct intended to defraud and obtain things of value, other than the use of the computers, in violation of 18 USCS § 1030(a)(4).

142.

Yan, Zhou, EMC, and the Corporate Defendants, through the actions of Zhou, intentionally accessed protected computers without authorization, and as a result of such conduct, caused damage and loss as defined by 18 USCS § 1030(a)(5)(C).

143.

As a result of the actions of Yan, Zhou, EMC, and the Corporate Defendants, through the actions of Zhou, Family Mortgage has suffered damages in an amount to be determined at a trial.

**COUNT THREE:  VIOLATION OF GCSPA (ALL DEFENDANTS)**

144.

Family Mortgage incorporates herein paragraphs 1 through 143 of its Complaint.

145.

Defendants have engaged in "[c]omputer theft" by taking or misappropriating Family Mortgage property and/or converting such property for her personal use, in violation of O.C.G.A. 16-9-90, et seq., the GCSPA.

146.

Defendants' actions constitute the tort of computer theft and computer trespass under the GCSPA.

147.

Yan knowingly exceeded her authorized access.

148.

Yan took confidential information and trade secrets for use by Zhou, EMC, and who in turn used the confidential information and trade secrets for the benefit of Defendants.

149.

As a result of Defendants' actions, Family Mortgage has suffered and is continuing to suffer damages, including, but not limited to, loss of profits, expenditures, and costs and attorneys' fees.

**COUNT FOUR:  THEFT/CONVERSION (ALL DEFENDANTS)**

150.

Family Mortgage incorporates herein paragraphs 1 through 149 of its Complaint.

151.

Defendants engaged in theft and/or conversion by stealing customer information and mortgage loan applications and converting the stolen property to their own gain.

152.

Family Mortgage has estimated the gross value of these loans is in excess of $5,000,000.00.

153.

Defendants' actions have caused Family Mortgage damages, entitling it to an award of actual, nominal, compensatory, and/or punitive damages.

**COUNT FIVE:  UNJUST ENRICHMENT (ALL DEFENDANTS)**

154.

Family Mortgage incorporates herein paragraphs 1 through 153 of its Complaint.

155.

Defendants stole and/or misappropriated valuable customer information and loans belonging to Family Mortgage.

156.

Defendants accepted and benefited by closing these loans which belong to Family Mortgage.

157.

Defendants' receipt of the compensation for customers and loans belonging to Family Mortgage without compensation to Family Mortgage would be unjust.

158.

Family Mortgage is entitled to recover from Defendants the value of the loans belonging to Family Mortgage.

**COUNT SIX:   BREACH OF CONTRACT (DEFENDANT YAN)**

159.

Family Mortgage incorporates herein paragraphs 1 through 158 of its Complaint.

160.

Yan has breached her Agreement with Family Mortgage by taking confidential and proprietary mortgage loan applications and related documents which she agreed are the exclusive property belonging to Family Mortgage.

161.

Yan has breached her Agreement with Family Mortgage by using Family Mortgage marketing for the use of Zhou and EMC.

**COUNT SEVEN:   BREACH OF FIDUCIARY DUTY (DEFENDANT YAN)**

162.

Family Mortgage incorporates herein paragraphs 1 through 161 of its Complaint.

163.

Yan, as the Branch Manager and a Loan Officer, agreed to manage the Lakefield Drive location on behalf of Family Mortgage.

164.

Yan maintains a fiduciary duty to Family Mortgage in her capacity as the Branch Manager.

165.

Yan was in a position of trust with Family Mortgage in her capacity as the Branch Manager.

166.

Yan has misappropriated corporate opportunities and engaged in conduct to the detriment of Family Mortgage.

167.

Yan has breached her fiduciary duties to Family Mortgage.

168.

Yan's actions have caused Family Mortgage damages and constitute a breach of fiduciary duty under Georgia law.

**COUNT EIGHT:  BREACH OF DUTY OF LOYALTY (DEFENDANT YAN)**

169.

Family Mortgage incorporates herein paragraphs 1 through 168 of its Complaint.

170.

Yan was the Branch Manager and a Loan Officer for Family Mortgage.

171.

Yan owes a duty of loyalty to Family Mortgage in her capacity.

172.

Yan has misappropriated corporate opportunities and engaged in conduct to the detriment of Family Mortgage.

173.

Yan has breached her duty of loyalty to Family Mortgage.

174.

Yan's actions have caused Family Mortgage damages and constitute a breach of fiduciary duty under Georgia law.

**COUNT NINE:   PUNITIVE DAMAGES (ALL DEFENDANTS)**

175.

Family Mortgage incorporates herein paragraphs 1 through 174 of its Complaint.

176.

Defendants' actions against Family Mortgage demonstrate wanton and willful misconduct involving malice and a conscious disregard of the consequences of its actions suffered by Family Mortgage and entitling it to an award of punitive damages.

**COUNT TEN:   COSTS AND ATTORNEYS' FEES (ALL DEFENDANTS)**

177.

Family Mortgage incorporates herein paragraphs 1 through 176 of its Complaint.

178.

Yan has refused to comply with the negotiated terms contained in her Agreement.

-34-

179.

The Agreement provides for the recovery by Family Mortgage for breaches of the Agreement.

180.

Yan has breached the Agreement.

181.

As a result, Family Mortgage has been forced to file this action.

182.

The actions of Defendants have been made in bad faith and have caused Family Mortgage unnecessary trouble and expense, such as to authorize the imposition of an award of litigation expenses and attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

183.

WHEREFORE, Family Mortgage respectfully requests the Court grant it the following relief:

(a)   That the Court order Yan, Zhou, and EMC to return all Family Mortgage property;

(b)   That the Court award all damages allowed pursuant to the DTSA, the CFAA, the GCSPA, and contract;

(c)   That  the  Court  order  Defendants  to  pay  all  damages

 suffered  by  Family  Mortgage,  including  all  compensative

 and  punitive  damages;

(d)   That the Court award Family Mortgage litigation expenses

 and  attorneys'  fees,  pursuant  to  O.C.G.A.  §  13-6-11,  DTSA,

 the  CFAA,  the  GCSPA,  and  contract;

(e)   That the Court grant Family Mortgage a jury trial; and

(f)   That  the  Court  grant  Family  Mortgage  all  other  relief

 the  Court  deems  just  and  proper.

Respectfully  submitted  this  22nd  day  of  September  2023.

**THE REDDY LAW FIRM, P.C.**

/s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney for Plaintiff
Georgia Bar No. 597320
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net